IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEANDRA STEPHENSON**
*ADC #138392*                                                                                           **PETITIONER**

**V.**                              **CASE NO. 4:24-cv-00214-JM-JTK**

**DEXTER PAYNE**                                                                                         **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

On March 14, 2007, Mr. Stephenson was convicted of two counts of capital murder and one count of terroristic acts.[1] He is currently serving a sentence of life imprisonment without parole plus an additional 45 years due to enhancements in the Arkansas Department of Corrections (ADC).

---

[1] Mr. Stephenson's procedural history is outlined in more detail in the recommended disposition written by this Court in a previously dismissed habeas case. See *DeAndra Stephenson v. Dexter Payne*, Case No. 4:22-cv-267, Doc. No. 4.

Mr. Stephenson has previously filed two federal habeas petitions in this District based on the same conviction. *See Stephenson v. Payne*, Case No. 5:12-cv-106 (E.D. Ark. Mar. 20, 2012) (*Stephenson I)*; *Stephenson v. Payne*, Case No. 4:22-cv-267 (E.D. Ark. Mar. 22, 2022) (*Stephenson II*).

On June 6, 2014, this Court recommended that Mr. Stephenson's first habeas petition be dismissed with prejudice. *Stephenson I*, Doc. No. 33. That recommendation was adopted by Judge Baker on February 18, 2015. *Id.*, Doc. No. 37.

On April 11, 2022, this Court recommended that Mr. Stephenson's second habeas petition be dismissed as a second or successive habeas petition. *Stephenson II*, Doc. No. 4. That recommendation was adopted by Judge Baker on January 17, 2023. *Id.*, Doc. No. 6.

Since then, Mr. Stephenson has failed to receive permission from the Eighth Circuit to file a successive petition.

Now, Mr. Stephenson has filed his third *pro se* petition for writ of habeas corpus (Doc. No. 2), which must, again, be dismissed as successive.

**III.**  **Discussion:**

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a *prima facie* showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. §

2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. There is no indication from the record that Mr. Stephenson sought and received authorization from the Eighth Circuit Court of Appeals before filing this petition. This Court, therefore, lacks jurisdiction; and the petition should be summarily dismissed.

### III.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Stephenson has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV.    Conclusion:

The Court recommends that Judge Moody DENY and DISMISS Mr. Stephenson's petition for writ of habeas corpus (Doc. No. 2), without prejudice. Furthermore, Judge Moody should deny a certificate of appealability.

Also pending is Mr. Stephenson's motion for leave to proceed in forma pauperis (Doc. No. 1). This motion is DENIED as moot.

DATED this 6th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE