

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 2 2024

TAMMY H. DOWNS, CLERK
By:
DEP CLERK

**IN THE UNITED STATES DISRICT COURT**

**EASTERN DISTRICT OF ARKANSAS**

**CENTRAL DIVISION**

**DeANRDRA L. STEPHENSON**                    **PETITIONER**


**V          CASE NO. 4:24-CV-00214 JM-JTK**


**DEXTER PAYNE**                              **RESPONDENT**

**<u>FEDERAL RULE 59 E/59 (a) (7) NEW TRIAL MOTION</u>**

1

Come now, Petitioner, who timely files this Motion. This Motion is filed within 10 days of the District Court's entry of judgment; it should be treated as a Motion To Alter or Amend under Rule 59 (e): See Computerized Thermal Imaging, Inc. v Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). Petitioner asserts that this Court's judgement on Petitioner's 2241 a 3 c Petition is in contrary to the United States Supreme Court precedents. This Court judgement is in error and this Court abused its discretion.

Just as the Supreme Court Judges held in 537 U.S. 88 (2002) when both the District Court and Courts of Appeals committed Plain Error and abused its discretion. As the Supreme court held in 537 U.S. 88 (2002)  when a habeas petition is dismissed on technical procedural default. This Court's judgment is in plain error and is contrary to the Supreme Court precedent. The Supreme Court in 537 U.S. 88 (2002), Martinez-Villarreal and Slack v Daniels 529 U.S. U.S. 473 (2000). The Supreme Court found particularly persuasive an analogy to the proper treatment of  habeas applications that are dismissed for failure to exhaust state remedies but are subsequently to be refiled as it initially was, as in the Supreme Court holding in 537 U.S. 88 (2002). The subsequently filed 2241 habeas petition is not a second or successive petition. The Supreme Court concluded that a claim

2

previously dismissed on procedural grounds "should be treated in the same manner as the claim of petitioner who returns to Federal Court after exhausting state remedies. The critical factor for this Court is that Petitioner Constitution meritorious claims have never been adjudicated on. The Cort is simply ignoring the Supreme Court law established in the cases above or simply fails to understand the law as the Supreme Court held, if a habeas petition is dismissed on a procedural default that petitioner will be able to refile "subsequently" Petition and not a second or successive application. The Court in present case totally disregarded the Supreme Court precedent. Within Petitioner's petition, Petitioner clearly address the issue of this 2241 Petition is properly adders the issue of this 2241 Petition is properly filed in the District Court, and should not be wrongfully construed  as a second petition.

By this Court deciding to adopt the Magistrate's erroneous findings that is contrary to the Supreme Court precedent; this Court have committed a plain error and abuse of discretion just as  the District Court and the Court of Appeals committed in, 537 U.S. 88 2002. The U.S. Supreme Court consequently applied Martinez-Villarreal to hold by the same seven to two majority, Slack v Daniels 529 U.S. 473 (2000). The Supreme Court precedent quoted above  is law  and

3

Petitioner's factual findings and legal basis to support Petitioner's Motion. Petitioner asserts this Court's findings and conclusion is clearly in error and in contrary to the Supreme Court precedent established in, Martinez supra and Slack. See also 537 U.S. 88 2002. This Court abused its' discretion in their judgment on dismissing Petitioner 2241 Petition.

## **BACKGROUND**

On March 2007, Mr. Stephenson was convicted of two counts of Capital Murder and one count of Terroristic Acts. He is currently serving a sentence of life imprisonment without parole plus an additional 45 years due to enhancements in the Arkansas Department of Corrections.

Mr. Stephenson has previously filed one 2254 Federal Habeas Corpus Petition in this District based on the same conviction. See Stephenson v Payne, Case No. 5:12-cv-106 (E.D. Ark. Mar 20, 2012). This Court construed Petitioner's Motion file, Stephenson v Payne Case No. 4:22-CV-267 (E.D. Ark March 22, 2022). On June 6, 2014 this Court Recommended that Mr. Stephenson 1, Doc No. 33. That Recommendation was adopted by Judge Baker on February 18, 2015, Id.. Doc. No. 37.

4

Under the AEDPA amendments to the Habeas Corpus Statutes, an inmate challenging his confinement in state custody under 28 U.S.C. 2254 must satisfy specific statutory conditions whenever he files a 28 U.S.C 2244 (6). This case presents us with the question of what "second or successive" means in the specific context of section 2244. Consistent with Supreme Court precedent and overwhelming weight of authority, Stephenson's Petition which challenges 2241 a (3) c application of its Constitutional rights, to him and raises only new issues that did not exist and therefore could not have been raised at the time he filed his initial 2254 Petition, is not a second or successive habeas petition under Section 2244 (b).

The present Petition contains additional new sufficient constitutional claims in a petition of writ of habeas corpus pursuant to 28 U.S.C. 2241. This Court should only to 28 U.S.C. 2241 (a) (3) (c) and 2243. Summary granting of a 2241 a (3) c Habeas Corpus Petition, Petitioner has met the standards of granting relief pursuant to U.S.C. 2241 a (3) c. in this case, Petitioner is incarcerated in the Arkansas Department of Correction and is therefore sufficiently in custody under 2241. Petitioner has exhausted all State remedies available (c). Petitioner has demonstrated in his valid claims that he is in custody in violation of the Constitution. Petitioner relies upon that portion of 2243 which provides that the

5

Court shall summarily hear and determine the facts and dispose of the matter as law and justice require. See Welch v Brown, 541 F.Supp. 259 15 D. Ohio 1982.

## I. STANDARD FOR GRANTING RELIEF

Power to grant writ section 2241 provides in pertinent part:

(a) Writs of habeas corpus may be granted by the District Courts within their respective jurisdiction.

(c) The writ of habeas corpus shall not be extended to a prisoner unless

(3) He is in custody in violation of the Constitution or laws and treaties of the United States.

The Supreme Court granted certiorari, 365 U.S. 948 78 S.Ct. 921 2 L.Ed 29 842. Petitioner 2241 a(3) c habeas corpus and arguments are similarly situated cases. Irvin v Dowd, supra.

This Court shall not dismiss the Petition because it has been properly commenced. The denial of the Petitioner Doctrine to Petitioner would then be a clear message of justice, and the reversal of the judgment against him through a habeas lies under 28 U.S.C. A. § 2241 as now interpreted by the Supreme Court of the United States and Federal Courts in the following cases Sunal v Large, 332

U.S. 174, 67 S. Ct. 1588, 91 L. Ed 2d 417 (1962) Kylick v Kennedy, 157 F. 2d 811 (2nd Cir 1946).

Petitioner asserts (5) valid and sufficient Constitutional grounds in his 2241 Habeas Petition for relief.

## Ground 1.

### The Trial Court Deprived Petitioner of Due Process of Law And Violated Petitioner's Fourteenth Amendment To The Federal Constitution

A clear structural error was found in ground (1) 261 U.S. at 261 U.S. 92, Moore. Lack of an impartial Trial Judge, Tumey v Ohio, 273 U.S. 510 and a unfair trial.

## Ground 2.

### The Trial Court Errored Prejudice And Abused Its Discretion By Refusing To Grant Counsel A Continuance

United States v Ploeger, 428 F.2d 1201 (6th Cir 1970).

## Ground 3.

### The Trial Court Errored, Abused Its Discretion  And Violated Petitioner's Sixth Amendment Confrontation Clause By Wrongful Admission Of Introducing A Hearsay Statement As Evidence

Davis v Alaska, 414 U.S. at 308, 315-310. New York Cent. Co. v Johnson , 279 U.S. 310,  49 S. Ct. 300, 73 L. Ed 706 (1929)

7

## <u>Ground 4.</u>

### <u>The Trial Court Denied Petitioner's Counsel His Right Under The Sixth Amendment To Fully Confront A Witness Against Him</u>

Davis v Alaska, 414 U.S. at 308, 315-310.

## <u>Ground 5.</u>

### <u>Trial Counsel Was Ineffective In Failing To Adequately Prepare For Trial And Consequently In Conducting Trial</u>

United States v Tucker, 716 F. 3d 576 (9th Cir. 1983). The valid grounds asserted here in Petitioner's 2241 Petition consist of both Structural and Plain Errors. Each Structural and Plain Errors warrants this Court to grant the Writ and immediately discharge Petitioner from his unconstitutional detention.

### <u>STATUTE AND RULE INVOLVED</u>

28 U.S.C. 2244 (b) as amended by the Anti-Terrorism Effective Death Penalty Act of 1996 provides:

1. A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application under section 2254 that was presented in a prior application shall be dismissed.

2. A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-

A. The applicant shows that the claim relies on a new rule of Constitutional Law, made retro-active active to cases on collateral review by the Supreme Court, that was previously unavailable; or

B. (i) The Factual Predicate for the claim could not have been discovered previously through the exercise of Due Diligence: (ii)The facts underlying the claim, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence. Thus but for constitutional errors no reasonable fact finder would have found the applicant guilty of the underlying offense. Petitioner involved a petition brought under 28 U.S.C. 2241 a (3) c.

Neither of these types of claims challenges the District Court's previous denial of relief under 28 U.S.C. 2254. Instead, each alleges that the contextual circumstances of the circumstances of the proceedings have changed so much that the Petitioner's conviction or sentence now runs afoul of the Constitution.

9

In contrast, a Petition for relief under 28 U.S.C. 2241 a (3) c habeas corpus petition contest the integrity of the proceeding that resulted in this Court judgment. The Supreme Court rule is not just consistent with case law, but it also comports with the fair and equitable administration of justice. If, for example, Petitioner could show that the State indeed violated Petitioner's Constitutional Rights. It would be a miscarriage of justice if any court of law turned a blind eye to such abuse of the judicial process. Nevertheless, this is the result that would occur if Petitioner's 28 U.S.C. 2241 Habeas Petition were always considered second or successive.

It would be inequitable to allow an erroneous procedural ruling to deprive him of a ruling on his merits.

1. This Court will be in error in holding, in square conflict with a decision of the Supreme Court and other Circuits, that every 2241 petition constitutes a prohibited second or successive habeas petition as a matter of law.

2. This Court will abuse its discretion in refusing to permit consideration of a vital intervening legal development when the failure to do so precludes a habeas petitioner from ever receiving any adjudication of his claims on the merits.

10

The Magistrate Judge findings and conclusion issued in his recommendation, as the Supreme Court held: The recommendation or an order or an order construing an ostensible 2241 habeas corpus petition as an application for leave to file a second habeas corpus petition is not an appealable order. The Magistrate Judged recommended and Order Shall be DISSMED.

Furthermore see Stewart v Martinez-Villarreal. In March 1993 respondent filed a fourth habeas petition in Federal Court. In addition to raising other claims respondent also asserted that he was incompetent to be executed.

Martinez-Villarreal v Stewart, 118 F.3d 628, 630 (C.A. 9 1997). As in Martinez supra, this is the second time that Petitioner has asked this Court to provide relief on his Constitutional claims. Likewise in Martinez supra, this Court should rule on each claim at the time it became ripe. As in Martinez, Petitioner is entitled to an adjudication of all the claims presented in his 2241 Petition, undoubtedly reviewable application for Federal habeas Corpus relief. The Courts of Appeal was correct in holding that Martinez, supra was not required to get authorization to file a second or successive application before his Ford claim could be heard. Likewise in the similarly situated case at hand, Petitioner is not required to get authorization to file a second or successive application. In both situations,

11

the habeas petitioners do not receive any adjudication of his claim. To hold otherwise would mean that a dismissal of a federal habeas petition for technical procedural reason would bar Petitioner from ever obtaining Federal Habeas review. See, e.g. United States ex rel. Barnes v Gilmore 968 F. Supp. 384, 385 (N.D. Ill 1997).

To say that it is that it is perverse to deny Petitioner a second round of time consuming Federal Court review of his conviction and unlawful detention because that means foregoing lower Federal Court review of a Constitutional Claim that arises only after he has already sought Federal Habeas on other issues is to say that State Court determinations must always be reviewable by Federal District Court. That is indeed the principle that the Supreme Court's imaginative habeas corpus jurisdiction had established that the Magistrate Judge Recommendation to dismiss Petitioner's 2241 Petition is again is in error. U.S. Const Art 1, 8, Cl 9; Art 111, 1, let alone invest this Court with plenary habeas jurisdiction over State conviction.

This case is identical to Rosales-Garcia, in July 1998, Garcia filed a habeas corpus petition under 28 U.S.C. U.S.C. 2241 in the United States District Court for the Eastern District of Kentucky, claiming in relevant part that the revocation of his second parole in March 1997 and his continued detention violated due process.

12

App., infra. 69 172 a. In May of 1999 the district court dismissed the petition, Id at 170, 194a. This Court did the same and dismissed the 2254 Petition for procedural default. The Court believed Rosales Garcia's detention was subjected to 8 U.S.C. 1231 (a), even though that provision was enacted after his exclusion proceedings were completed, App. infra, 184a. On that premise the Court concluded (Id. 181--187a) that after an order of removal has been entered against an alien stopped at the border, detention beyond the 90-day removal period removal period is authorized by that statute. The district court rejected Rosales-Garcia's due process challenge to his detention. The court found "no basis" for Rosales-Garcia's claim to have a liberty interest in being released into the United States, App., infra, 187a, and observed that "law is clear that excludible aliens" in Rosales-Garcia's position "have only the procedural due process rights afforded by Congress," Id at 188a. See Id. at 187 189a (discussing, e.g., Lando v Plasencia, 459 U.S. 21, 32 1982), and United States ex rel. Knauff v Shaughnessy, 338 U.S. 537, 544 (1950). The court determined that Rosales-Garcia had received the full process to which he was entitled under the immigration laws and the 1987 administrative regulations that assure the detained Mariel Cubans annual parole reviews. Id. at 190 a -191 a ); see Id. at 205a 211a (reproducing relevant regulations).

13

In January 2001, a divided panel of the United States Court of Appeal for the Sixth Circuit reversed. App., infra, 65a-1399a. As a threshold matter, the Court of Appeals held that the INS's intervening decision to place Rosales-Garcia in a halfway house, as a step toward a third parole, did not render the case moot. Id. at 79-83a.

The panel next determined (App., infra, 84a-85a) That Rosales-Garcia is governed by 8 U.S.C. 1231 (a) (6) as the district court believed. The panel reasoned that Rosales-Garcia was ordered excluded, and his immigration parole was last revoked, before the April 1, 1997 effective date effective date of 11 RIRA, see Pub L. No 104-208 § 309 (c), 110 Stat. 3009-625, which added the new 8 U.S.C. 1231. The panel determined that former Section 1226 (e) provided unambiguous statutory authority for Rosales-Garcia's detention. App. infra, 85a-87a. Turning to whether Rosales-Garcia's statutorily authorized detention violated due process, the Panel determined, in disagreement with the District Court, that indefinite detention of an excludable alien would implicate a liberty interest protected by the Fifth Amendment App., infra, 91a-98a. The Panel further concluded that, although Rosales-Garcia continued detention was rationally related to the Government's non punitive interest in protecting society. The detention was

14

unconstitutionally excessive because it was indefinite in duration, Id. at 99a-111a. The Panel stated that the automatic annual review afforded under Administrative Regulations "does not affect the nature of [Rosales-Garcia's] detention as indefinite," Id. at 108a, because he "can never be certain of receiving such parole," Id. 109a.

Petitioner case is similarly situated to Rosales-Garcia's. Turning to whether Petitioner Stephenson statutorily authorized violated due process, as the Panel determined in Garcia's supra. This Court should determine and conclude as the Panel did Garcia's supra.

The Sixth Circuit disagreed for those fundamental principles has implications that reach far beyond the detention issue in this case, and independently warrants review by this Court. The Panel determined, in disagreement with the District Court that indefinite detention of petitioner would implicate a liberty interest protected by the Fifth Amendment App. infra, 91a-98a. The panel further concluded as this Court should conclude in the present case: that although Stephenson continued detention was rationally related to the Government's non-punitive interest in protecting society, as was in Garcia's supra, Petitioner's detention is unconstitutional excessive because it was indefinite in

15

duration, (Id. at 99a-111a). As the Panel stated in a similarly situated case, the automatic annual review afforded under Administrative Regulation "does not affect the nature of (DeAndra Stephenson's) detention as indefinite, Id. at 108a, because he "can never be certain of receiving such justice Id. at 109.

It is "well established" that certain constitutional protections the United States are not available to aliens [legally treated as being] outside of our geographic borders, "533 U.S. at 673. Therefore, the due process analysis says the same for a non alien that lives in the United States, for the Due Process Clause applies to all prisons' within the United States, Ibid.

See an identical case to Petitioner's Habeas proceedings in Peyton v Rowe, 391 U.S. 54 (1968). The Supreme Court said of the writ in a similar context in Jones v Cunningham, 311 U.S. 236 (1963) is equally applicable here. [The writ] is not now and never has been a static narrow and formalistic remedy; its scope has grown to achieve its grand purpose--- the protection of individuals against erosion of their right to be free from wrongful restraint upon their liberty, Id. at 371 U.S. 243.

In complete agreement with the Supreme Court conclusion and the considerations underlying it in Peyton v Rowe supra, this Court must be in

16

agreement with Supreme Court conclusion in Peyton, supra. The writ of habeas corpus is a procedural device for subjecting executive [Footnote 7] judicial [Footnote 8] or private [Footnote 9] restraints on liberty judicial scrutiny. Where it is available, it assures among of the things, that a prisoner may require his Jailer to justify the detention under law [Footnote 10] in England where it originated and in the United States this high purpose has made the writ both the symbol and guardian of individual liberty 3 Blackstone Commentaries.

The Magistrate Judge, again in error in his recommendation the Habeas Corpus jurisdiction of the federal Courts is enumerated in 28 U.S.C. § 2241[Footnote 13]. The partial codifications of the common law writ in England and more recent legislation in this country have contained specific and detailed provision requiring prompt adjudication of the validity of the challenged restraint. See and compare Habeas Corpus Act of 1679, 31 Car 2, c. 2: Act of February 5, 1867, c 28, 14 Stat. 385, and 28 U.S.C. 2243. Third, at least tentatively in Frank v Mangum, 237 U.S. 309 page 391 U.S. 60 (1915), and Moore v Dempsey 261 U.S. 86 (1923). The Supreme Court had recognized that a District Court was authorized to look behind the bare record of a trial proceeding and conduct a factual hearing to

determine the merits of alleged deprivations of Constitutional rights [Footnote 14] a procedure that reached full flowering in Johnson v Zerbst, 304 U.S. 458 (1938).

Being prejudiced to meritorious claims resulting from the kind which Petitioner imposes is limited specifically to the situations involving the factual determinations that is often dispositive of the claims. The denial of a fair trial, e.g. Sheppard v Maxwell, 384 U.S. 333 (1966). Postponement f the adjudication of such issues for years has harmed both Petitioner and the State and lessens the probability that final disposition of the case will do substantial justice [Footnote 16].

The Supreme Courts recognition that certain trial/or sentencing defect could invalidate the proceedings in a court which had jurisdiction over the crime and the defendant, e.g. 85 U.S. 18 Wall. 163 (1874) by the United States Supreme Court's decisions holding that some of the safeguards of criminal procedure embodied in the Bill of rights are applicable to State criminal proceedings by virtue of the Due Process Clause of the Fourteenth Amendment , Ex parte Royall, 117 U.S. 241 (1886) .

The Court in Frank recognized that the Act of February 5, 1867, c 28, 14 Stat. 385, substituted for the bare legal review that seem to have been the limit of

18

judicial authority under the common law practice. A mere searching investigation, in which the appellant is put upon his oath to set forth the truth of the matter respecting the causes of his detention and the Court, upon determining the actual facts, is to dispose of the party as law and justice require, 237 U.S. at 237 U.S. 330-331. In Moore, the Court remanded the case to the District Court for determination of the truth of allegations that the prevailing influence of a mob had denied the appellants a fair trial in State Court 261 U.S. 92.

In present case this Court must like wise in Moore, determine the truth as the Trial Court records reflects, the Trial Judge denied Petitioner a fair trial in State Court by attending and speaking at a closing prayer at the Memorial Service of the victim in Petitioner's case.

The Supreme Court of the United States held that this Court will commit an error and abuse its' discretion in refusing to examine the facts alleged, Moore v Dempsey, supra. The Supreme Court of the United States cannot protest too strongly affirming a decision by the Court of Appeals on procedural grounds from considering the merits of the Constitutional claims. The Supreme Court now decides that the Court was wrong in believing in that it was so for closed. The affirmation by the Supreme Court denial of habeas corpus in cases all the more

19

vulnerable in that this Court, without guidance from the Supreme Court or from the Court of Appeals, proceeds to consider the merits of the Constitution claims.

In this situation, Petitioner has properly applied for a Writ of Habeas Corpus pursuant to 28 U.S.C.A. Sec 2241 (a) (3) c West 1994)alleging that he is in custody in violation of his due process to the Fourteenth and Sixth Amendment, Title 28 U.S.C.A. Sec 2241 9a) (3) c. The instant Petition is not a second or successive petition, quoting the Supreme Court in 537 U.S., Martinez v Villarreal 88 (2002).

Further under the AEDPA amendment to the habeas corpus statues an inmate challenging his confinement in State custody under 28 U.S.C. § 2254 must satisfy specific statutory conditions whenever he files a second or successive petition U.S.C. § 2244 (b). This ease presents us with the question of what "second or successive" means in specific context of Section 2244 consistent with the Supreme Court precedent and the overwhelming weight of authority, as the Supreme Court held in In re Caby, 429 F. 3d 93 (4th Cir 2005), Petitioner's petition, which challenges his detention and raises only new issues at the time Petitioner filed his initial Section 2254 Petition, is not second or "successive" habeas petition under 2244 (b). As the Supreme Court held in In re Caby, supra the

District Court is instructed to accept it as an initial Section 2254 petition for habeas corpus, Crouch v Norris, 251 F. 3d 720, 725 (8th Cir 2001).

Upon reviewing the case law and legislative history of AEDPA, the Third Circuit similarly concluded that "a subsequent petition that challenges the detention is clearly not a second or successive petition within the meaning of § 2254 if the claim had not arisen or could not have been raised at the time the prior petition.

Previous to the issues of which Petitioner complains in the instant Petition occurred in 2012. Petitioner therefore could not have raised these issues related to his unconstitutional claims in a previous petition. The current Petition is therefore, is not "second or successive". Petitioner 2241 application should not have been treated as an initial application by this Court. Muniz v United States, 236 F. 3d 122, 123, (2d Cir. 2001) (citing U.S.C. 1631). **Fed Rule 59 a (7) New Trial Motion. Ground 7: Judgment Is In Contrary To The Supreme Court Precedent.**

In present case a new trial should be warranted because this Court's judgment denying and dismissing with prejudice Petitioner 2241 (a) (3) C Petition as a second successive petition is in error and the judgment contrary to the U.S.

21

Supreme Court precedent. See 537, U.S. 88 (2002), Martinez-Villarreal and Slack

v Daniels supra. Petitioner has that this Court has abused its discretion and

judgment dismissing Petitioner 2241 (a) (3) (C) was in error. This case is identical

to 593 U.S. 88 (2002), Martinez supra. According to the U.S. Supreme Court

precedent this Court's judgment is in error.

## Conclusion

Therefore, for the reason above Petitioner prays that this Court vacate

judgment and grant Petitioner a new trial.

Respectfully Submitted,

By:_____

DeAndra Stephenson

## CERTIFICATE OF SERVICE

I, DeAndra Stephenson, certify that I have this day of _4_ April, 2024

served the foregoing Petitioner's  Federal Rule 59 e/59 a by causing a true and

correct copy to be deposited with USPS First Class Mail, proper postage affixed

and addressed as follows to Respondent' Attorney: _600 West Capital Ave Room_

_A147_ , Little Rock, AR, _72201_

DeAndra Stephenson
P.O. Box 970
Marianna, AR 72360

State of Arkansas            )
                             )§
County of _____            )

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, this _9_

day of _April_ , 20_24_

_12-28-26_

My Commission Expires:                    Notary                    (seal)

COWANDA T. GRAHAM
No. 12700532
ARKANSAS
ST FRANCIS COUNTY
Commission Expires 12-28-2026

23